[Crim. No. 2392. Second Appellate District, Division Two.—October 13, 1933.]

THE PEOPLE, Respondent, v. BURR COYLE, Appellant.

Burr Coyle, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

STEPHENS, J.—The defendant below, appellant here, was charged in counts I, II and III of the information with

the crime of violation of the Corporate Securities Act, and in count IV with grand theft. He was tried by the court without a jury and was convicted and sentenced on each count. A motion for new trial was denied and he appeals from all four judgments of conviction and the order denying a new trial.

The facts necessary to an understanding of count I are as follows: Appellant was working as a salesman of mining stock that was being advertised by radio. Through an answer of Mrs. Elsie E. Dusbabek, the complaining witness, appellant secured her name and called upon her. After several calls Mrs. Dusbabek, transferred and delivered to appellant twenty shares of "City Service" stock, appellant agreeing to convert the stock and invest and reinvest the money received for her. In connection therewith the following documents were executed in duplicate, each keeping one:

"Los Angeles, Calif.
"Oct. 22, 1931.

"I Elsie E. Dusbabek hereby appoint B. Coyle my lawful attorney with full power to buy, and to sell securities, and to collect such dividends that hereafter become due. This indenture shall be in effect for a period of one year from above date.

"ELSIE E. DUSBABEK.

"I, B. Coyle, acknowledge the receipt of $140.00 from Elsie E. Dusbabek which I agree to invest in such manner as I consider to the best interests of Elsie E. Dusbabek for a period of one year from this 22 day of Oct., 1931. I further agree that one year from this 22 day of Oct., 1931, I shall pay to Elsie E. Dusbabek the sum of $140.00 together with such accumulations that accrue during the existence of this agreement, with interest at the rate of $4.00 monthly payable monthly.

"B. COYLE.

"Accepted: ELSIE E. DUSBABEK."

There were five of the $4 monthly payments made. Nothing further has ever been paid, notwithstanding demand has been made therefor.

At the time of this transaction appellant was without and ever since has been without any permit from the corporation commissioner to issue, sell or deal in securities. In less than

a month after this transaction appellant was back again and this time under the same inducements and by exchange of similar papers secured the assignment and transfer of another block of forty shares of "City Service" stock which he negotiated for $290. The $290 was converted by appellant to his own use. These are the facts of counts III and IV, count III charging violation of the Corporate Securities Act and count IV charging grand theft. The monthly payment on this transaction was to be $8. Four payments were paid and demand has been made for the balance, but there has been no response. Later on in the same month under similar conditions and similar representations and exchange of documents appellant received the assignment and transfer of five shares of "City Service" stock from Margaret E. Dusbabek, daughter of Elsie E. Dusbabek. The monthly payment was to be $1.50 and four of such payments have been made. Demand has been made as in the other transactions, but neither stock nor the money has been returned. These are the facts of count II.

It seems to us that the judgments under counts I, II and III, wherein appellant stands convicted of violation of the Corporate Securities Act must be affirmed under the principles enunciated in *People* v. *White,* 124 Cal. App. 548 [12 Pac. (2d) 1078]. It also seems to us that the forty shares of stock secured by appellant and sold and the money converted presents a complete case of larceny by trick and device.

Appellant claims that the obtaining of the several certificates of stock at different times constitutes but one offense. It would seem impossible to make an argument to this contention as convincing as the mere statement of fact. That a separate offense was committed each time appellant went back and induced another delivery of stock to him is perfectly obvious.

The judgments and order appealed from are affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 6, 1933.